IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STADFORD R. JOHNSON, N788111, ) ) ) Plaintiff, ) ) v. ) ) JOHN P. GOLLIHER, CHEKEVDIA, ) JENNIFER WILSON, MRS. ) HUTCHINSON, and UNKNOWN ) EMPLOYEE, ROBERTSON, ) GREGORY W. DEJARNETT, ) ) Defendants. ) | NO. 11-CV-1088-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for threshold review of Plaintiff's civil rights complaint which seeks recovery pursuant to 42 U.S.C. § 1983. Plaintiff, who is incarcerated at Big Muddy River Correctional Center, Ina, Illinois, asserts that his Eighth and Fourteenth Amendment rights were violated by the Defendants. To make the review easier, the Court will break down Plaintiff's claims into separate counts. Count 1 alleges that Defendant Golliher subjected Plaintiff to excessive use of force while transporting Plaintiff to the law library. Plaintiff claims that he suffered physical injury, including a cut which required stitches to his eyebrow. Count 2 alleges that Defendants Chekevdia, Wilson, Hutchinson, Unknown Defendant and Robertson failed to intervene and failed to protect him and, Count 3 alleges that Defendant Dejarnette failed to adequately investigate the incident and suppressed evidence of a criminal act.

"It is a principle of first importance that the federal courts are tribunals of limited subject

matter jurisdiction." 13 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 3522 (3d ed. 2008). In this case, the Plaintiff is a state prisoner and is currently incarcerated in an Illinois state prison facility as a result of a criminal conviction in Illinois state court. Under 28 U.S.C.1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case and has been granted leave to proceed *in forma pauperis* (Doc. 6). Upon careful review of the complaint and all supporting exhibits, the Court finds that plaintiff has sufficiently alleged actions by the defendants to survive threshold review.

Accordingly, the Clerk of Court shall prepare for Defendants John P. Golliher, Chekevdia, Jennifer Wilson, Mrs. Hutchinson, C/O Robertson, and Gregory W. Dejarnett: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).

Service **SHALL NOT** be made on the "Unknown Party" Defendant until such time as Plaintiff has identified this defendant by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within thirty (30) days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

It is **FURTHER ORDERED** that, if a Defendant can no longer be found at the work

addresses provided by Plaintiff, the employer shall furnish the Clerk of Court with the Defendant's current work addresses, or, if not known, the Defendant's last-known addresses. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court's files or disclosed by the Clerk.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

It is **FURTHER ORDERED** that Defendants shall timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not independently investigate Plaintiff's whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATE:  September 10, 2012**

                                            **s/ *Michael J. Reagan***
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**